**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Francis Assifuah,<br><br>　　　　Petitioner,<br><br>v.<br><br>Chad Wolf, et al.,<br><br>　　　　Respondents. | Case No.: 2:21-cv-00007-APG-BNW<br><br>**Order Directing Amendment of Petition, Denying Preliminary Injunction, Denying Motion for Appointment of Counsel, and Denying Motion for Extension of Time**<br><br>[ECF No. 1, 6] |

## I.     Introduction

Petitioner Francis Assifuah, in custody of the Department of Homeland Security at the Henderson Detention Center, has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  He has paid the filing fee.  Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") permits me to apply the Habeas Rules to § 2241 habeas cases, which I will do.  I have reviewed the petition under Habeas Rule 4.  Most of Assifuah's claims are beyond the jurisdiction of this court or are beyond the scope of habeas corpus.  However, he might have a claim that his prolonged detention is unconstitutional.  I will give him the opportunity to file an amended petition that raises that claim.

Assifuah has submitted a motion for appointment of counsel along with his petition.  I will deny that motion.  Assifuah also has filed a motion for extension of time to pay the filing fee.[1]  I will deny the motion as moot because he has paid the filing fee.

## II.    Background

Assifuah pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiracy to commit wire fraud and mail fraud in violation of 18

---

[1] ECF No. 6.

U.S.C. § 1349.[2]  I take judicial notice of that case, *United States v. Assifuah*, Case No. 1:15-cv-00616-AT-9 ("*Assifuah I*").[3]  The initial judgment of conviction was entered on September 19, 2017, and the Government had 90 days to submit a proposed restitution order.[4]  The parties then agreed to a stipulated forfeiture amount of $346,717.08.[5]  The Government planned to restore that stipulated forfeiture amount to the victims, instead of seeking a separate order of restitution.[6]  An amended judgment of conviction with that forfeiture amount was filed on October 3, 2017.[7]

Assifuah is a citizen and native of Ghana who is a lawful permanent resident of the United States.[8]  His crime is an aggravated felony because it was a conspiracy to commit fraud with the loss exceeding $10,000.[9]  The aggravated felony is a deportable offense.[10]  After he served his prison sentence, the Department of Homeland Security took him into custody as an aggravated felon, to remove him from the United States.[11]

The October 3, 2017 amended judgment of conviction contained a clerical error.  It stated that Assifuah was convicted of "attempt and conspiracy to commit mail fraud," and it cited 18 U.S.C. § 1343, which defines the offense of fraud by wire, radio, or television.[12]  The Southern

---

[2] ECF No. 1-1 at 28.
[3] Assifuah had eight codefendants.
[4] *Assifuah I*, ECF No. 502.
[5] *Assifuah I*, ECF No. 555.
[6] *Id*.
[7] *Assifuah I*, ECF No. 556, *also* ECF No. 1-1 at 13-20.
[8] ECF No. 1-1 at 24.
[9] 8 U.S.C. § 1101(a)(43)(M)(i) and (U).
[10] 8 U.S.C. § 1227(a)(2)(A)(iii).
[11] 8 U.S.C. § 1226(c)(1)(B).
[12] ECF No. 1-1 at 13.

District of New York has since granted Assifuah's request to correct the error.[13] On July 7, 2020, it entered an amended judgment of conviction that cites the correct statute and offense.[14] On April 7, 2020, before entry of the correct amended judgment, the Department of Homeland Security amended its charge to reflect the correct aggravated felony.[15]

Assifuah's removal case has not yet finished. On May 18, 2020, the immigration judge denied his request for a bond redetermination on.[16] On June 12, 2020, the immigration judge ordered Assifuah removed to Ghana, denied asylum, denied withholding of removal, and denied deferral of removal.[17] An appeal is pending before the Board of Immigration Appeals.

### III. Discussion

#### A. The court lacks jurisdiction over the first claim

Assifuah's first claim is titled "Statutory Violation." He argues the respondents violated 8 U.S.C. § 1226(c)(1)(B), which requires him to be held in immigration custody upon his release from prison because he is an aggravated felon. He alleges that the Department of Homeland Security commenced removal proceedings and took him into custody based upon the erroneous judgment of conviction that stated that he was convicted of violating 18 U.S.C. § 1343.[18] Assifuah further alleges that the Board of Immigration Appeals has remanded a bond decision to the immigration judge because she might have based her decision on the erroneous conviction.[19]

---

[13] ECF No. 1-1 at 29.
[14] ECF No. 1-1 at 28.
[15] ECF No. 1-1 at 25.
[16] ECF No. 1-1 at 25-27.
[17] ECF No. 1-1 at 40-41.
[18] ECF No. 1-1 at 3-4.
[19] ECF No. 1-1 at 4. On that page, Assifuah cites to Exhibit 9, but no such exhibit is attached to the petition.

Assifuah is making this argument to the wrong court. I do not have habeas corpus jurisdiction over these statutory questions.[20] Assifuah can gain relief on this issue only through the removal proceedings and through the judicial review available to him through 8 U.S.C. § 1252.

### B. The court lacks jurisdiction over the second claim

Assifuah's second claim is that the removal order is defective.[21] I do not have habeas corpus jurisdiction over this claim.[22] Again, judicial review, if any, of this claim is through the procedures of § 1252.

### C. The third claim is beyond the scope of habeas corpus

Assifuah's third claim is that he is being treated with deliberate indifference toward his medical conditions at the Henderson Detention Center. This is a claim about his conditions of confinement. Even if Assifuah succeeded in this claim, that success would not result in his release or a change in the level of his custody. The claim is beyond the core of habeas corpus.[23]

### D. Assifuah may file an amended petition to raise a constitutional claim

Assifuah alleges briefly that he is being held in violation of his due process rights.[24] The constitutional validity of the possibly prolonged mandatory detention required by § 1226(c) currently is an open question. The Supreme Court remanded a case to the Ninth Circuit to

---

[20] 8 U.S.C. § 1252(g).
[21] ECF No. 1-1 at 6-7.
[22] 8 U.S.C. § 1252(g).
[23] *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (*en banc*).
[24] ECF No. 1-1 at 6.

determine the constitutional question.[25] The Ninth Circuit, in turn, remanded the case to the district court.[26] The district court has yet to rule on the question.

Construing his petition liberally, Assifuah might be trying to claim that his mandatory detention is unconstitutional. Therefore, I will give him the opportunity to file an amended petition that alleges the claim beyond the brief mention in the current petition. Assifuah must not include in his amended petition his claims about a violation of § 1226(c), a defective removal order, and deliberate indifference in the amended petition. Those claims are either outside the court's jurisdiction or beyond the scope of habeas corpus, and amendment cannot cure those defects.

### E. Other requests

Assifuah asks for a preliminary injunction.[27] The current petition, as alleged, does not give Assifuah the possibility of release from custody. I will deny this request.

Assifuah's motion for appointment of counsel has the same problem as his request for a preliminary injunction. The current petition does not give him the possibility of release from custody. Therefore, I will deny the motion.

### IV. Conclusion

I THEREFORE ORDER the clerk of the court to file the petition for a writ of habeas corpus and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and 1-2, respectively.

---

[25] *Jennings v. Rodriguez*, 130 S. Ct. 830 (2018).
[26] *Rodriguez v. Marin*, 909 F.3d 252 (9th Cir. 2018).
[27] ECF No. 1-1 at 8-9.

I FURTHER ORDER that the petition for a writ of habeas corpus is **DISMISSED** with leave to amend.

I FURTHER ORDER that the clerk of the court send Assifuah Form AO 242, petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Assifuah will have **until March 24, 2021** in which to file an amended petition to raise a constitutional claim about his continued immigration detention.  Failure to comply with this order will result in the dismissal of this action.

I FURTHER ORDER that Assifuah must clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" on page 1 of the form, and he must place the case number, 2:21-cv-00007-APG-BNW, in the caption regardless of the statement that the clerk of the court will supply the case number.

I FURTHER ORDER that the motion for appointment of counsel is **DENIED**.

I FURTHER ORDER that Assifuah's request for a preliminary injunction is **DENIED**.

I FURTHER ORDER that Assifuah's motion for extension of time to pay the filing fee **(ECF No. 6) is DENIED** as moot.

DATED this 19th day of February, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE